**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1761**

ROBERTO PERCY ORE-JIMENEZ,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A76-111-412)

Submitted: April 28, 2006                Decided: May 24, 2006

Before LUTTIG,[1] KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Janice K. Redfern, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

[1]Judge Luttig was a member of the original panel but did not participate in this decision. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roberto Percy Ore-Jimenez, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's decision to deny his application for adjustment of status.[2] Ore-Jimenez seeks to challenge the Board's ruling[3] by relying on the First Circuit's decision in Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005) (finding 8 C.F.R. § 1245.1(c)(8) (2006), which provides that an arriving alien who is in removal proceedings is ineligible to apply for adjustment of status to that of lawful permanent resident alien, invalid under 8 U.S.C. § 1255(a) (2000)), and other cases construing § 1245.1(c)(8). However, the decision of the Board in this case is based on 8 C.F.R. § 1245.2(a)(1) (2006), which applies when an alien attempts to renew a request for adjustment of status after a denial by the District Director.

Under § 1245.2(a)(1), Ore-Jimenez is not eligible to reapply for adjustment of status because he has had no "earlier inspection and admission to the United States." See Jiang v. Gonzales, 425 F.3d 649, 652-53 (9th Cir. 2005) (holding arriving alien who has received advance parole is "not eligible to renew his

---

[2]Ore-Jimenez did not appeal to the Board the immigration judge's finding that he was removable as charged by the former Immigration and Naturalization Service.

[3]We have jurisdiction to review the questions of law raised in this appeal. 8 U.S.C. § 1252(a)(2)(D); Jean v. Gonzales, 433 F.3d 475, 480 (4th Cir. 2006).

application for adjustment of status during removal proceedings" under § 1245.2(a)(1); regulation does not violate 8 U.S.C. § 1255(a)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED